UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
MICHAEL BOWENS,                                     :        CASE NO. 4:14-CV-1097
                                                    :
            Petitioner,                             :
                                                    :
vs.                                                 :        OPINION & ORDER
                                                    :        [Resolving Doc. No. 1]
UNITED STATES OF AMERICA,                           :
                                                    :
            Respondent.                             :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        *Pro se* petitioner Michael Bowens is a federal prisoner incarcerated at FCI Elkton.  He

brings this petition pursuant to 28 U.S.C. § 2241.  The basis for his petition is that an incorrect

criminal history was used to calculate his sentence.  He contends a prior felony conviction

pertaining to check fraud reflected in his presentence investigation report, and used in

determining his sentence, was reduced to a misdemeanor prior to his sentencing and that he is

"actually innocent" of the felony conviction.

### Standard of Review

        The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. §2243;

*Alexander v. Northern Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 20011).  Although

*pro se* pleadings are evaluated under a more lenient standard than pleadings drafted by lawyers,

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir.

2011), the Court must deny a petition if it plainly appears from its face that the petitioner is not

entitled to relief.  *See Alexander*, 419 Fed. App'x at 545.  The petition is liberally construed, and the petitioner's allegations are accepted as true.  *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

**Analysis**

Even when the petition is liberally construed, petitioner is not entitled to relief under 28 U.S.C. § 2241.  "Sections 2255 and 2241 provide the habeas statutory scheme for federal prisoners."  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  As a general matter, § 2241 is reserved for "challenging the execution or manner in which [a] sentence is served."  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  In contrast, 28 U.S.C. § 2255 is the proper means by which a federal prisoner may challenge his conviction or the imposition of his sentence.  Therefore, claims asserted by federal prisoners seeking to challenge their sentences must be filed in the sentencing court pursuant to 28 U.S.C. § 2255.  *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

A so-called "saving clause" in § 2255, 28 U.S.C. § 2255(e), provides a narrow exception and allows a federal prisoner to challenge his conviction or sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of the detention."  *Terrell*, 564 F.3d at 447.  Section 2255 relief is not inadequate or ineffective, however, merely because § 2255 relief has been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or he has been denied permission to file a second or successive § 2255 motion.  *Barnes v. United States*, 102 Fed. App'x 441, 443 (6th Cir. 2004).  Rather, the savings clause has been applied to allow a § 2241 petition only where a petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section

-2-

2255." *Hayes v. Holland*, 473 Fed. App'x 501, 501-02 (6th Cir. 2012).  To demonstrate actual innocence, a petitioner must show: "(1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had sufficient time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of his petition to make it more likely than not that no reasonable juror would have convicted him." *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Petitioner is not entitled to proceed under 28 U.S.C. § 2241 because he seeks to challenge his sentence, not the "execution or manner" in which his sentence is being served. Petitioner apparently attempts to invoke the savings clause by using the term "actual innocence" in his petition, but he does not contend he is actually innocent of the underlying federal charge of which he was convicted.  Rather, he contends he is actually innocent of a felony used in calculating his criminal history score for purposes of sentencing.  The Sixth Circuit has made clear that "actual innocence" means factual innocence, meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted.  *See Martin v. Perez*, 319 F.3d 799, 904 (6th Cir. 2003).  Claims of sentencing error may not serve as the basis of an actual innocence claim.  *See Bannerman v. Snyder*, 325 F.3d 722, 724) (6th Cir. 2003) ("The saving clause may only be applied when the petitioner makes a claim of actual innocence.  A challenge to a sentence . . .  cannot be the basis for an actual innocence claim.") (citations omitted); *Hayes*, 473 Fed. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims.").  Accordingly, petitioner may not challenge his sentence pursuant to § 2241.

Further, petitioner's claim of actual innocence fails because the theory of sentencing

-3-

error he advances was available at the time of direct appeal, and not because of a new interpretation of statutory law.  In fact, the sentencing court dismissed a motion by petitioner challenging his sentence under § 2255 because petitioner waived his right to challenge his conviction and sentence in a written plea agreement.  *See Bowens v. United States*, No. 1: 11 CV 052, 2012 WL 2838695 (S.D. Ind. July 8, 2012).

## Conclusion

For all of the reasons stated above, the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is insufficient on its face and is hereby dismissed.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: November 5, 2014                                    *s/            James S. Gwin*
                                                                        JAMES S. GWIN
                                                                        UNITED STATES DISTRICT JUDGE